J-A08032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KERRY R. BLUM, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RAPHAELA G. BLUM, | : | |
| | : | |
| Appellee | : | No. 1982 EDA 2015 |

Appeal from the Order Dated May 29, 2015,
in the Court of Common Pleas of Northampton County,
Domestic Relations, at No(s): No. C0048-CV-2011-2257

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.: **FILED MARCH 23, 2016**

Kerry R. Blum (Husband) appeals from the Court of Common Pleas of Northampton County's order dated May 29, 2015.  Based on the following, we quash the appeal.

The order from which Husband appeals disposed of exceptions filed by both Husband and Raphaela G. Blum (Wife) to a Master's report and recommendation relating to, *inter alia*, issues of equitable distribution.  Of particular import herein, the court overruled "Husband's exception to the Master's finding that the engagement ring is the separate property of Wife" and scheduled a hearing "for purposes of valuing the ring so that Husband may have the opportunity to purchase same from Wife, the ring being an heirloom of Husband's family."  Order, 5/29/2015, at unnumbered page 1. The court also sustained "Wife's exception to the Master's finding that she

_____
*Retired Senior Judge assigned to the Superior Court.

has no interest in [certain] items of personal property" and remanded the matter to the Master for a hearing relating to the equitable distribution of that property. *Id.* at unnumbered page 2.

Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341(a). "A final order is any order that[] disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). The order from which Husband appeals clearly contemplates further proceedings to address outstanding equitable distribution issues. As such, it is not a final order. Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/23/2016